499 So.2d 381 (1986)
STATE of Louisiana
v.
Gerald GERREL.
No. KA-5127.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Prog., New Orleans, for appellant.
Before GULOTTA, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Gerald M. Gerrel, was indicted by an Orleans Parish grand jury for the May 10, 1985 first degree murders of Curtis E. Hardy and Clayton Jones, violations of La.R.S. 14:30(A)(3).[1]
Defendant was arraigned on June 4, 1985 and pled not guilty to each count. Trial was held on November 7 and 8, 1985 and a twelve member jury found defendant guilty as charged on both counts and recommended life imprisonment. On November 14, 1985 defendant was sentenced to spend the remainder of his life at hard labor without benefit of parole, probation or suspension of sentence on each count; sentences to run consecutively.

FACTS:
Donald Robertson's girlfriend, Consuella Washington, testified that on May 10, 1985 at approximately 9:30 p.m. Curtis Hardy *382 was at the apartment she shared with Robertson. According to Washington, Hardy had come to the apartment because he thought Robertson had tricked him out of some money and the two men were trying to resolve their differences. Later, Robertson informed Washington that all the problems with Hardy had been resolved and that Hardy was on his way to see his girlfriend, Lola King. Minutes later, however, Washington observed Hardy, with his hands bound behind his back, being led to a blue car by the defendant. Washington telephoned King, who reported this suspicious activity to the police. The police responded to the call as a possible kidnapping. The police arrived at King's house and after obtaining a physical description of the subjects in question, drove with her to Washington's apartment to obtain more information. As they were knocking on the door, King spotted Robertson, David West and defendant in a blue car driving down Jackson Avenue and pointed them out to the police. Upon spotting the police, they fled. The police pursued and stopped the car and after questioning the trio, arrested all three men for kidnapping. Pursuant to that arrest, a search was made of the interior of the car. Police found and seized a .357 magnum pistol, several cigarettes containing vegetable matter and a bag of white powder. The car was impounded.
At approximately 7:00 a.m. the following morning, police found an abandoned brown Chevrolet Malibu at the corner of N. Villere and Toulouse Streets. In the front seat police found the body of Clayton Jones and in the back seat the body of Curtis Hardy. Both men were blindfolded with bandannas and had their hands bound behind their backs. Each had been shot once in the head at point blank range.
A search warrant was issued to search the impounded car. In the trunk of the car, police found jewelry and the identification cards of the victims. A ballistics expert, Otto Stubbs, testified that the .357 magnum pistol found at the time of defendant's arrest, was the same weapon used to kill the victims. Defendant was subsequently charged with and convicted of two counts of first degree murder pursuant to La.R.S. 14:30(A)(3).
Defendant appeals his conviction and sentence asserting that the conviction on both counts violates his constitutional guarantee against double jeopardy.
In State v. Vaughn, 431 So.2d 763 (La. 1983) our Supreme Court pointed out that Louisiana utilizes both the "same evidence" test and the "Blockburger" test in determining whether double jeopardy applies. The "same evidence" test was enunciated in State v. Steele, 387 So.2d 1175 (La.1980), as follows:
"If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one." Id. at 1177.
The Blockburger test for double jeopardy is whether one crime requires proof of an element which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1982).
Defendant cites the recent holding of our brethren of the Fifth Circuit in State v. Williams, 461 So.2d 1118 (La.App. 5th Cir. 1984) in support of his argument. While we agree that Williams is factually similiar, we disagree with its holding. In Williams the Court, using the "same evidence" test held that defendant's intent to kill victim A was used to enhance victim B's homicide to first degree murder, and that the intent to kill victim B was used to enhance victim A's homicide to first degree murder. Thus, one count was barred by a plea of double jeopardy.
Using either the "same evidence" or Blockburger test we are of the opinion the Williams court was in error. Under R.S. 14:30(A)(3), first degree murder is defined as "... the killing of a human being ... [w]hen the offender has a specific intent to kill or inflict great bodily harm upon more than one person." There are two necessary elements of the crime. First, the killing *383 of a human, and second, specific intent to kill or inflict great bodily harm on another human. Thus, when defendant killed Jones, he had to have specific intent to kill or inflict great bodily harm to Hardy. The statute does not require proof that defendant actually killed Hardy, only that defendant had the specific intent to do so. The fact of Hardy's death merely supports the finding of a specific intent to kill or inflict great harm. Thus, to convict defendant for the first degree murder of Jones it is not necessary to prove that he also killed Hardy, only that he had the specific intent to do so. We believe this is where our brethren in the Williams case erred. The actual killing of the other person is not a necessary element.
In State v. Willie, 360 So.2d 813 (La. 1978), cert. den., 443 U.S. 901, 99 S.Ct. 3092, 61 L.Ed.2d 870 (1978) our Supreme Court reviewed the evidence which supported defendant's intent to kill another person while actually killing the victim. Even though the "other" person was not killed, the evidence of specific intent was sufficient to convict the defendant of the first degree murder of the victim he actually killed. In the case before us, part of the evidence of the specific intent to inflict harm or kill another is that the other person was in fact killed, although, as previously stated, the actual killing of another is not a necessary element of the crime.
We therefore conclude that the elements necessary to convict defendant of the first degree murder of Jones, does not require proof of the actual killing of Hardy, only the specific intent to do so. The converse is true for the first degree murder of Hardy. Thus, under the "same evidence" test, the evidence required to convict on one count of first degree murder would not support the conviction on the other count. And, under the Blockburger rationale, count one requires proof of an additional element or fact, i.e. the actual killing of Jones, that a conviction under count two does not. That is, a conviction for the first degree murder of Hardy, does not require proof of the actual killing of Jones, whereas a conviction for the first degree murder of Jones requires proof of the actual killing of Jones. Any other conclusion would lead to the absurd result that a criminal would have nothing to lose by killing two people instead of one especially where the second victim would be in a position to make a positive identification.
For the above and foregoing reasons, the conviction and sentence on both counts are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:30:

"A. First degree murder is the killing of a human being:
* * * * * *
(3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person; ...."
* * * * * *