799 So.2d 453 (2001)
STATE of Louisiana
v.
Earnest L. MURRAY.
No. 2000-K-1258.
Supreme Court of Louisiana.
September 18, 2001.
Opinion on Grant of Rehearing October 26, 2001.
*454 Richard P. Ieyoub, Attorney General, Walter P. Reed, District Attorney, Dorothy A. Pendergast, Metairie, for Applicant.
Frank Sloan, for Respondent.
PER CURIAM:[*]
In this prosecution on two counts of attempted first degree murder, respondent pursued his avowed purpose "to blow up all of [the] shit" removed from their marital domicile by his estranged wife, Olga Murray, by arming himself with a .410 gauge sawed-off shotgun and a pocket full of shells and invading the trailer of Preston Blackwell in Pearl River, Louisiana, on the evening of October 27, 1997. After separating from her husband, Murray had gone to live in the trailer with Blackwell, her adult son by another marriage. In rapid succession within the narrow confines of the trailer's back bedroom, respondent shot his stepson in the hip and, after reloading the weapon and pointing it at Blackwell's six-year-old daughter, shot his wife in the abdomen as she cowered on the floor next to the bed. After eluding a second shot aimed at his head, Blackwell charged respondent, wrestled the shotgun away from him in a struggle which spilled out of the bedroom through the adjoining kitchen and into the livingroom, and held respondent on the floor until the police arrived in response to a 911 call placed by Olga Murray just before the shooting started.
In a single proceeding, a twelve-person jury convicted respondent on two counts of attempted first degree murder under an instruction from the trial court requiring jurors to find on each count that respondent had had the specific intent to kill more than one person when he fired the shots which struck both Blackwell and Olga Murray. See La.R.S. 14:30(A)(3) (first degree murder is the killing of a human being "[w]hen the offender has a specific intent to kill or to inflict great bodily harm upon more than one person...."). The trial court subsequently imposed consecutive sentences of 40 years imprisonment at hard labor without benefit of parole. On appeal, the First Circuit agreed with respondent that his consecutive sentences constituted multiple punishment for the same offense in violation of the federal and state Double Jeopardy Clauses because the state, "in order to prove each individual count ... had to prove that defendant had the specific intent to kill both victims." State v. Murray, 99-1045, p. 3 (La.App.2/18/00), ___ So.2d ___, ___. The court of appeal accordingly remanded the case to the trial court with directions to reverse one of respondent's convictions and sentences. Murray, 99-1045 at 4, ___ So.2d at ___. We granted the state's application to resolve the question of whether in a single proceeding the state may secure as many convictions and sentences as there victims of a homicidal episode charged as first degree murder or attempted first degree murder on the basis of La.R.S. 14:30(A)(3) because the offender possessed the specific intent to kill more than one person "all by a single act or by a series of acts in a single consecutive course of conduct." State v. Williams, 480 So.2d 721, 726 (La. 1985).
The Double Jeopardy Clauses of the federal and Louisiana constitutions not only prohibit successive trials for the same offense but also "protect[ ] against multiple punishments for the same offense." *455 North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). When the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (selling narcotics not in original stamped package and selling narcotics not in pursuance to a written order of the purchaser constituted two different offenses although arising from a single delivery of narcotics); see Texas v. Cobb, 532 U.S. 162, ___, 121 S.Ct. 1335, 1343, 149 L.Ed.2d 321 (2001) ("We have since applied the Blockburger test to delineate the scope of the Fifth Amendment's Double Jeopardy Clause, which prevents multiple or successive prosecutions for the `same offense.'") (citing Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (barring successive prosecutions of greater and lesser included offenses)). Louisiana's somewhat broader "same evidence" test considers not only the material elements of each offense but also whether the evidence required to convict of one crime would also support conviction of the other, focusing "on the evidence necessary for conviction, not all the evidence introduced at trial." State v. Steele, 387 So.2d 1175, 1177 (La.1980). The test precludes the state from "relabeling the offense to charge defendant a second time with the same criminal conduct." Steele, 387 So.2d at 1178. Applying both the Blockburger and same evidence tests, the courts of appeal have divided over the question of whether the state may obtain separate convictions and sentences for each victim of a criminal episode charged under the provisions of La.R.S. 14:30(A)(3). Compare State v. Williams, 461 So.2d 1118, 1126 (La.App. 5th Cir.1984) (only one conviction permitted because the intent to kill one victim "was used to enhance the killing of [the other victim] to first degree murder.") with State v. Gerrel, 499 So.2d 381 (La.App. 4th Cir.1986) (multiple convictions and sentences permitted because "to convict defendant for the first degree murder of [one victim], it is not necessary to prove that he also killed [the second victim], only that he had the specific intent to do so."), writ denied, 515 So.2d 1106, 1107 (La.1987) ("There is no merit to the double jeopardy claim....").
However, when different acts violate the same statute, the test of whether the offender has committed one or several offenses simply "`is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. * * * If the latter, there can be but one penalty.'" Blockburger, 284 U.S. at 302, 52 S.Ct. at 181 (quoting Wharton's Criminal Law (11th Ed.) § 34, n. 3). The test hinges on legislative intent. Blockburger, 284 U.S. at 303, 52 S.Ct. at 182 (citing by example prosecution on several counts of wilfully tearing mail bags with intent to rob under a statute which "plainly indicate[d] that it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation.... The offense as to each separate bag was complete when the bag was cut, irrespective of any attack upon, or mutilation of, any other bag.") (internal quotation marks and citation omitted).
This aspect of the Blockburger opinion, and not its more familiar statement of the appropriate test for determining whether a single act which violates two distinct statutory provisions constitutes one or two offenses, or Louisiana's traditional same evidence test, controls the outcome in the present case. La. *456 C.Cr.P. art. 8(1) provides that criminal conduct in Louisiana consists of "[a]n act or a failure to act that produces criminal consequences, and which is combined with criminal intent...." With respect to homicide, the proscribed criminal conduct is "the killing of a human being by the act... of another." La.R.S. 14:29. This statutory language plainly indicates that the legislature intended to protect each such victim of a homicidal assault, with the degree of the offender's culpability for each offense determined by the intent which accompanies the prohibited acts. We think it clear that in the present case, the state has not punished respondent twice for the "same offense" by relabeling the conduct charged in one count of the bill of information, the firing of several shots from close range at Preston Blackwell, as the conduct charged in the second count of the indictment, the firing of a shot into the abdomen of respondent's estranged wife. Under a statute which provides that the killing of two or more victims in the same criminal episode constitutes the offense of aggravated murder, "there may be as many counts of aggravated murder as there are victims." State v. Goltz, 169 Or.App. 619, 10 P.3d 955, 957 (2000) (internal quotation marks and citation omitted).
With respect to cumulative punishments imposed in a single proceeding, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). In the present case, the legislature has authorized cumulative penalties as a means of protecting each victim of a murder or attempted murder "from felonious injury and mutilation." Blockburger, 284 U.S. at 303, 52 S.Ct. at 182. The court of appeal erred in concluding otherwise. The decision below is therefore reversed, the respondent's convictions and consecutive sentences are affirmed, and this case is remanded to the district court for execution of sentence.
JUDGMENT REVERSED; CASE REMANDED.

ON APPLICATION FOR REHEARING

REHEARING GRANTED
The order of this court's original opinion is amended to affirm the defendant's convictions but to remand the case to the court of appeal for consideration of the defendant's remaining assignment of error, which was pretermitted on original appeal.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as justice pro tempore, participating in the decision.