952 So.2d 823 (2007)
STATE of Louisiana
v.
Dejoshua L. WILLIAMS.
No. 06-KA-755.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2007.
Rehearing Denied April 2, 2007.
*824 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Megan L. Gorman, Martin Belanger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Joseph A. Marino, III, Attorney at Law, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Defendant, Dejoshua Williams, appeals his conviction for aggravated flight from an officer arising from a guilty plea made in accordance with State v. Crosby, 338 So.2d 584 (La.1976). For the following reasons, we reverse the trial court's denial of defendant's motion to quash. We grant the motion to quash, and vacate his guilty plea and sentence.
The Jefferson Parish District Attorney filed a bill of information charging defendant with aggravated flight from an officer, a violation of La. R.S. 14:108.1 C. Defendant pled not guilty to the charge at his arraignment. Defendant filed a "motion to quash on the basis of double jeopardy," arguing he had already pled guilty in Second Parish Court to several traffic offenses that constituted statutory elements of the aggravated flight charge; and the State was thus barred from prosecuting him for aggravated flight. The trial court heard arguments on the motion to quash on September 1, 2006. The trial judge denied the motion, stating in part, "[A]ggravated flight is a `separate and distinct even though those other ones have toare part of the proof of it; it is a separate and distinct offense."
On the same day, defendant withdrew his plea of not guilty and entered a plea of guilty as charged, reserving his right to appeal the trial court's denial of his motion to quash. The trial court sentenced defendant to two years at hard labor. The court suspended the sentence and placed defendant on active probation for two years.
The known facts in this case are contained in the police incident report admitted as a defense exhibit at the motion hearing. Deputy Susan McCartney of the Jefferson Parish Sheriff's Office wrote that on March 22, 2006, she and Deputy McGee were on patrol in a high crime area of Harvey when they saw defendant sitting in the driver's seat of a parked car. An unknown man was standing next to the car, leaning into the driver's window. The officers saw the men engage in what appeared to be a hand-to-hand narcotics transaction.
The deputies approached on foot, and McCartney asked defendant to step out of the vehicle. Defendant refused to comply, and put his car into reverse gear. McCartney drew her gun and again ordered defendant to exit the vehicle. By that time, deputies Hill and Matthews had arrived at the scene in a marked police unit. Defendant continued to operate the car in reverse, nearly hitting Deputy Hill's vehicle. Deputy Hill turned on her car's lights and siren. Defendant then drove the car away from the scene at a high rate of speed. Deputies Hill and Matthews pursued him. They eventually stopped defendant and placed him under arrest.
Deputy Thelma Hill wrote in the police report that during the chase, defendant traveled at a rate of speed in excess of *825 sixty-five miles per hour. Defendant disregarded several stop signs and caused other drivers to veer off the roads in order to avoid him.
Deputy McCartney wrote that Hill and Matthews removed defendant from the car. The deputies found a plastic bag containing marijuana in plain view on the car's front floorboard. Defendant had $537.00 in cash on his person. Defendant's son, who was less than two years old, was sitting unrestrained on the front passenger seat. The deputies issued defendant citations for speeding, reckless operation of a motor vehicle, failure to wear a safety belt, and failure to use a child restraint. Defendant also received five citations for failing to stop at a stop sign. On August 28, 2006, defendant pled guilty as charged in Second Parish Court to all of those citations.
Defendant assigns five errors on appeal. We find two of defendant's claims have merit, pretermitting consideration of the remaining issues.
By his second and third assignments of error, defendant contends the trial court erred in denying his motion to quash because double jeopardy precluded his prosecution for aggravated flight from an officer when he had already pled guilty to reckless operation of a vehicle and speeding charges arising from the same series of events. The State responds that the trial judge properly denied the motion to quash because the offenses are separate and distinct, and defendant was not subject to double jeopardy.
Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The guarantee against double jeopardy includes constitutional protections against 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069, citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
La.C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana courts employ both the Blockburger test and the "same evidence" test to evaluate double jeopardy claims. State v. Steele, 387 So.2d 1175 (La.1980). Defendant maintains he was subject to double jeopardy under both tests.
The Blockburger test is taken from the United States Supreme Court's opinion in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), which provides:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
See also, State v. Knowles, 392 So.2d 651, 654 (La.1980).
In the instant case, defendant was charged with aggravated flight from an *826 officer, which is defined in La. R.S. 14:108.1 in pertinent part as follows:
. . . .
C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle.
D. Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle commits at least two of the following acts:
(1) Leaves the roadway or forces another vehicle to leave the roadway.
(2) Collides with another vehicle.
(3) Exceeds the posted speed limit by at least twenty-five miles per hour.
(4) Travels against the flow of traffic.
The bill of information does not specify which two of the four types of conduct listed in paragraph D it planned to use to prove the aggravated flight. And because defendant pled guilty, there is no trial transcript from which we can garner those facts. But we can refer to the evidence produced at the hearing on the motion to quash. State v. Solomon, 379 So.2d 1078, 1079 (La.1980).
The police report entered in evidence at the motion hearing does not show any allegations that defendant either collided with another vehicle during the police chase, or that he traveled against the flow of traffic. The report does show allegations that defendant drove at an excessive rate of speed, and that he forced other drivers to leave the roadway. Therefore, we must conclude that the state could only have used the first and third acts listed in subpart D to prove the aggravated flight charge.
Defendant pled guilty in parish court to reckless operation of a vehicle, which is defined in La. R.S. 14:99 as "the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." Criminal negligence occurs in those instances in which neither specific nor general criminal intent is present, but there exists "such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." La. R.S. 14:12.
Defendant also pled guilty to speeding under La. R.S. 32:64 A, which provides:
No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.
A comparison of the foregoing offenses reveals that aggravated flight from an officer requires proof of a visual and audible signal from an officer to stop, while reckless operation of a vehicle does not. Reckless operation requires proof that the accused operated a vehicle in a criminally negligent or reckless manner, while aggravated flight from an officer does not. The elements of reckless operation are not, as defendant argues, subsumed in the elements of aggravated flight from an officer. Under the Blockburger test, both of those *827 offenses require an element of proof that the other does not.
But the offense of speeding does not require an additional element of proof to the elements required by the aggravated flight statute. Since the State, under the known facts in this case, would necessarily rely on speeding as an element of aggravated flight, and since defendant has already been convicted of speeding, the aggravated flight charge exposes him to double jeopardy under the Blockburger analysis.
We turn now to the "same evidence" test,[1] which is somewhat broader in scope than the Blockburger test. See, State v. Murray, 00-1258 (La.9/18/01), 799 So.2d 453, 455. The Louisiana Supreme Court outlined the "same evidence" test in State v. Steele, 387 at 1177:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. (citations omitted).
The "same evidence" test precludes the state from "relabeling the offense to charge defendant a second time with the same criminal conduct." Steele, 387 So.2d at 1178.
In applying the "same evidence" test to this case, the pertinent question is whether the evidence needed to prove the instant offense, aggravated flight from an officer, is the same as the evidence needed to prove offenses to which defendant has already pled guilty (reckless driving and speeding). Defendant argues he was subject to double jeopardy under the "same evidence" test because the same evidence required to prove aggravated escape would support convictions for reckless operation and speeding, assuming again that the State would rely solely on the elements in La. R.S. 14:108.1 D(1) (leaving the road or forcing another vehicle to leave the road) and (3) (exceeding the posted speed limit by at least 25 miles per hour) to support the aggravated flight charge.
We find the evidence necessary to prove reckless operation of a vehicle is not the same evidence needed to prove aggravated flight. We recognize that the State could have used incidents during the police chase other than defendant's forcing other vehicles to leave the roadway to prove reckless operation. Therefore, we do not find there was double jeopardy under the "same evidence" test with regard to defendant's reckless operation conviction. We do find that defendant was subject to double jeopardy based on his prior conviction for speeding. The evidence needed to prove the speeding element in La. R.S. 14:108 D(3) is the same evidence needed to prove the speeding offense of which defendant has already been convicted.
We liken the instant case to cases in which Louisiana courts have found it is a double jeopardy violation to charge a defendant with first-degree felony murder as well as the underlying felony used to support the murder charge. See, e.g., State ex rel. Williams v. Butler, 05-0427 (La.1/27/06), 922 So.2d 526; and State ex rel. Adams v. Butler, 558 So.2d 552 (La. 1990). Defendant in this case was charged with aggravated flight, a charge for which the act of speeding was a supporting offense, when he had already been convicted of speeding based on the same incident.
*828 We conclude that the prosecution for aggravated flight constitutes double jeopardy. We find that defendant was subject to double jeopardy under both the Blockburger and "same evidence" tests, and the trial court erred in denying the motion to quash. Accordingly, we grant defendant's motion to quash, vacated the guilty plea and sentence.
REVERSED; MOTION TO QUASH GRANTED; GUILTY PLEA AND SENTENCE VACATED.
NOTES
[1] While Louisiana Supreme Court recognizes both tests, it seems to have principally relied on the "same evidence" test in evaluating double jeopardy claims. See State v. Cotton, 00-0850 (La.1/29/01), 778 So.2d 569, 573; State v. Miller, 571 So.2d 603, 606 (La.1990).