MADELEINE M. LANDRIEU, Judge.
_JjThe State appeals the district court’s granting of Lloyd Jones’ motion to quash the bill of information based on double jeopardy. Mr. Jones was charged with aggravated flight from an officer, a violation of La. R.S. 14:108(C). For the reasons stated herein, we reverse and remand.
Statement of the Case
Mr. Jones was charged with aggravated flight from an officer, a violation of La. R.S. 14:108.1(C). On August 2, 2011, Mr. Jones filed a motion to quash the bill of information based upon grounds of double jeopardy. In the motion, Mr. Jones asserted that prosecuting him for the aggravated flight charge subjected him to double jeopardy because he had already been prosecuted for the following traffic violations: (1) moving a parked vehicle, a violation of La. R.S. 32:103; (2) improper lane usage, a violation of La. R.S. 32:79; (3) failure to use a turn signal, a violation of La. R.S. 32:105; and (4) failure to obey signs, a violation of La. R.S. 32:56(B). He further asserted that he had pled guilty to all of these traffic charges on November 30, 2010, and had paid fines. Mr. Jones argued that these charges arose out of the same facts, occurring on November 29, 2010, which led to the ^aggravated flight charge, so that double jeopardy attached to his guilty pleas, prohibiting the instant prosecution.
The trial court heard Mr. Jones’s motion on September 22, 2011, and later granted it in open court on November 17, 2011. The State took the instant appeal.
Facts
According to testimony adduced at the June 27, 2011 motions hearing, Officer Paige Brouillette saw a white pickup truck accelerating across the intersection of St. Bernard Avenue and North Derbigny Street on November 29, 2010. According to Officer Brouillette, the white truck was “squealing its tires and pealing out once the light turned green.” The pickup truck continued moving erratically through the streets, and a chase ensued until the pickup truck came to a stop in a driveway and Mr. Jones exited the vehicle. When Mr. Jones got out of the vehicle, Officer Brouil-lette commanded him to “get down in a prone position,” at which time, according to Officer Brouillette, Mr. Jones began to “pick up his shirt.” At that point, Officer Brouillette was not sure what Mr. Jones was doing. A backup officer arrived and used an electronic control device on Mr. Jones, who then complied and was cuffed. Officer Brouillette testified that she did not know how fast Mr. Jones had been driving and that his speed had not been recorded on radar.
The State produced a copy of the police report to the trial court.[1] According to the police report narrative, the following occurred:
On Monday, November 29, 2010 at 2:51 A.M. Officer Paige Brouillette, manning unit 105C, of the First District was on proactive patrol in a fully marked police unit in the area of St. Bernard and *646 |,sNorth Robertson Street, when she observed a White 2007 Chevrolet pickup truck bearing license plate # X775863 at the intersection of St. Bernard Avenue and North Derbigny Street squealing the tires and accelerating at a high rate of speed.
As the truck crossed paths with the police unit he slowed down. The officer activated her head light bar and got behind the vehicle. At this time the driver of the vehicle later identified as Lloyd Jones accelerated to a high rate of speed in an attempt to evade the officer.
Jones turned South onto North Villere Street, West onto Laharpe. As the vehicle turned North onto North Robertson Street, a vehicle traveling the correct way on the road had to swerve onto the shoulder to narrowly avoid getting into a head on collision with the White pick up truck.
The officer observed Jones turn West onto St. Bernard Avenue, then down the wrong way onto North Robertson. Jones veered West onto Annette Street before making a turn onto North Claiborne Avenue. The subject turned onto St. Anthony Street into oncoming traffic before getting back to North Robertson Street. Finally the vehicle came to a stop in a driveway at 2121 Pauger Street after Jones made the wrong way up the one way street.
Officer Brouillette observed Jones exit the vehicle and command him to a prone position multiple times. Jones was hesitant to comply and raised his shirt two times instead of complying to the commands. At which time assisting Officer Melford, Unit 107C, deployed his electronic control device to gain compliance from Jones.
The subject began to comply after the electronic control device was used at which time Officer Brouillette placed Jones in handcuffs that were checked for proper fit and double locked. Officer Brouillette advised Jones of his rights per Miranda, which he acknowledged that he understood.
The vehicle was released to the owner. Jones was transported to University Hospital by Officer Brouillette and was granted medical clearance by the emergency room doctor. The subject was then transported to central lock up w[h]ere custody was transferred to the Orleans Parish Criminal Sheriffs Office and booked accordingly.
Jurisdictional Issue
Mr. Jones has filed a motion to dismiss the appeal as untimely.
14At the November 17th hearing, the State orally noted its “intent to seek an appeal.” However, a December 7, 2011 minute entry reflects that the State filed a “Notice of Intent to File a Writ,” which was granted and given a December 17, 2011 return date. A December 14, 2011 minute entry notes that the State was granted an extension of time to file the writ, and that the trial court assigned a January 4, 2012 return date. On January 5, 2012, the State filed a “Motion and Order to Convert Notice of Intent to Seek a Writ into a Motion for Appeal and Designation of Record.” The trial court granted the motion on January 5, 2012. On that same day, the motion was filed in this court and given case number 2012-KM-0017. On January 6, 2012, the State filed under the same case number a “Notice of Trial Court’s Granting of State’s Motion,” and a “Motion and Order to Supplement State’s Motion to Convert Writ Application to an Appeal.” We subsequently consolidated those motions with the instant appeal under case number 2012-KA-0565.
La.C.Cr.P. art. 914 provides, in pertinent part:
*647 A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk.
B. The motion for appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence....
In the interest of justice, we find, and the record supports, that when the State orally proclaimed, “[yjour Honor, note the State’s intent to seek an appeal” at the November 17, 2011 ruling, the statement constituted an oral motion for appeal that was made on the same day as the ruling, and therefore was timely for purposes of article 914. La.C.Cr. P. art. 915 provides, in pertinent part:
|sA. When a motion for an appeal is made ... the trial court shall grant or deny the motion within seventy-two hours, exclusive of legal holidays, after the motion is made. The return date shall be seventy-five days from the date the motion for appeal is granted, unless the trial judge fixes a lesser period. When a motion for an appeal has been timely made, the appeal shall not be affected by any fault or omission on the part of the trial court.
B. The minute clerk for each section of the trial court shall forward a copy of the notice of appeal to the clerk of the trial court and to the court reporters responsible for preparing the necessary transcripts, within twenty-four hours, exclusive of legal holidays, of the date the appeal is ordered. The clerk of the trial court shall forward a copy of the notice of appeal to the sheriff having custody of the defendant, to the appropriate appellate court, and to each party, within seven days of the date the appeal is ordered. The party moving for the appeal must forward notice that a motion for appeal has been made to the appropriate appellate court within seven days of the date the motion is made. Failure of the minute clerk, the clerk of court, or the party moving for the appeal, to provide notice shall not affect the validity of the appeal.
We acknowledge that in the instant case, the State and the trial court proceeded as if the State had given notice of its intent to file a writ application (rather than an appeal) until January 5, 2012, at which time the trial court granted the State’s motion to convert the notice of intent into a motion for appeal. From that point forward, the proper procedure for taking an appeal was followed. Considering that an oral motion for appeal is permitted and that the State timely made such a motion, under the circumstances presented here we conclude that the appeal was timely filed. We therefore deny the motion to dismiss the appeal.
Assignment of Error
The State asserts that the trial court abused its discretion by granting Mr. Jones’s motion to quash because there was no double jeopardy violation. Mr. Jones argues that the instant prosecution violates his protection against double jeopardy because the evidence needed to convict him of the instant charge was the same as that used in prior prosecutions of him for traffic violations.

I. Standard of Review

We review trial court rulings on motions to quash under an abuse-of-discretion standard. See State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245; State v. Dillon, 2011-0188 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475.

*648
II. Applicable law

The Fifth Amendment to the U.S. Constitution and La. Const. Art. 1, § 15 guaranty that no person shall be twice placed in jeopardy for the same offense. This guaranty protects against 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069.
La.C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana courts apply two tests to analyze double jeopardy claims: 1) the Blockburger test, see Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and 2) the “same evidence” test. State v. Steele, 387 So.2d 1175 (La.1980). Under the Blockburger test:
where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.-
|7Under the broader “same evidence” test:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of another, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence adduced at trial.
State v. Steele, 387 So.2d 1175, 1177 (La.1980) (Citation omitted).
The same evidence test “considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns its self [sic] with the ‘eviden-tiary focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution’s burden of proof.” State v. Williams, 2007-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897.

III. Analysis

Mr. Jones asserts that his having pled guilty to four traffic violations—moving a parked vehicle, improper lane usage, failure to use a turn signal and failure to obey signs—precludes his prosecution for aggravated flight from an officer because it subjects him to double jeopardy. La. R.S. 14:108.1, in pertinent part, defines aggravated flight from an officer as follows:
C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.
*649 D. Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits at least two of the following acts:
(1) Leaves the roadway or forces another vehicle to leave the roadway.
|⅜(2) Collides with another vehicle or watercraft.
(3) Exceeds the posted speed limit by at least twenty-five miles per hour.
(4) Travels against the flow of traffic or in the case of watercraft, operates the watercraft in a careless manner in violation of R.S. 34:851.4 or in a reckless manner in violation of R.S. 14:99.
(5) Fails to obey a stop sign or a yield sign.
(6) Fails to obey a traffic control signal device.
E. Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than two years and may be fined not more than two thousand dollars.
Emphasis added (Sections A, B, and F omitted).
The Louisiana Supreme Court addressed a double jeopardy attack on La. R.S. 14:108.1 in State v. Williams, 2007-0931 (La.2/26/08), 978 So.2d 895. Mr. Williams pled guilty to reckless operation, speeding, failure to wear a seat belt, failure to use a child restraint, and five counts of running a stop sign after being chased by the police. Id., 2007-0931, p. 3, 978 So.2d at 896. The appellate court reversed the denial of a motion to quash the charge of violating La. R.S. 14:108.1, reasoning that the State could not satisfy its burden of proving at least two aggravating acts, see La. R.S. 14:108.1(D), without using the speeding, for which the defendant had already been prosecuted. Id. However, the Supreme Court reversed the appellate court, stating:
[T]he court of appeal erred in analogizing the present case to one in which the state prosecutes a defendant for both felony murder and the underlying felony offense. Speeding is not a lesser and included offense of aggravated flight from an officer; nor is it an element of that offense, as opposed to a statutorily prescribed circumstance from which a trier of fact may find the aggravating element of risk to human life enhancing the offense from a misdemeanor to a felony. Thus, the state was not required to prove that offense as one of the circumstances giving rise to a risk to human life for purposes of aggravated flight from an officer if it could establish that element of |3the offense by other evidence. The police report introduced at the hearing on the motion to quash established that defendant forced other vehicles off the roadway during the chase, a point conceded by the court of appeal, [State v.] Williams, 06-1898 at 6 [(La.App. 5 Cir. 2/27/07), 952 So.2d 823,] and that he may have traveled against the flow of traffic by backing away from Officer McCartney as she approached and nearly collided with the patrol unit occupied by Officers Hill and Matthews. The court of appeal did not concede the latter point, id., but the state correctly notes that by pleading guilty defendant avoided a trial at which it would have the burden of proving beyond a reasonable doubt the required combination of acts in support of the aggravated circumstances of danger to human life to the satisfaction of a trier of fact. In the present case, the information contained in the police report held open the possibility that a rational trier of fact, considering all of the evidence presented at trial, could have found that defendant engaged in conduct giving rise to a risk *650 to human life by first traveling against the flow of traffic however briefly when he backed away from Officer McCartney and nearly collided with the patrol unit occupied by Officers Hill and Matthews and then forced other vehicles from the road in the ensuing high-speed chase with the officers. Thus, from a functional perspective offered by the information contained in the police report, defendant’s guilty plea to aggravated flight from an officer did not necessarily subject him to a second prosecution for conduct as to which he had already been prosecuted.
State v. Williams, 2007-0931, pp. 7-8, 978 So.2d at 898-899.
In the instant case, according to Officer Brouillette’s testimony and the police report, Mr. Jones sped off in an attempt to evade the officer’s lawful stop, a violation of La. R.S. 14:108.1(C). The police report reflects that, during the ensuing chase, Mr. Jones drove the wrong way on more than one roadway and forced another car off the road onto the shoulder to avoid a collision. These two acts fulfill La. R.S. 14:108.1(D), which provides that the human life endangerment component of the offense is satisfied where there are two of the enumerated acts, which include forcing another vehicle to leave the roadway, La. R.S. 14:108.1(D)(1), and traveling against the flow of traffic. La. R.S. 14:108.1(D)(4). However, none of the traffic violations to which Mr. Jones pled guilty involved any of those |10facts. Moving a parked vehicle, improper lane usage, failing to use a turn signal, and failure to obey signs are not mentioned anywhere in La. R.S. 14:108.1.
In State v. Williams, supra, the Court held that a defendant’s guilty plea(s) to one or more of the aggravating circumstances listed in La. R.S. 14:108(D) did not necessarily mean that his subsequent prosecution for aggravated flight from an officer subjected him to double jeopardy, reasoning that those aggravating circumstances are not lesser included offenses of the crime of aggravated flight from an officer. The instant case presents an even weaker argument for double jeopardy because the traffic violations to which Mr. Jones pled guilty are not even listed in La. R.S. 14:108.1(D). Moreover, the facts to which Mr. Jones pled guilty are completely different from those necessary to prove the instant charge. We therefore conclude that there is no double jeopardy violation, and that the trial court abused its discretion by quashing the charges against Mr. Jones.
Decree
For the reasons stated, Mr. Jones’s motion to dismiss the appeal is denied, the trial court’s decision granting the motion to quash is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LOMBARD, J., concurs in results with reasons.

. During the September 22, 2011 hearing, the assistant district attorney noted, "I have also presented a copy of the complete police report to Your Honor for this hearing.” A copy of the police report is in the record. No objection was made to the State's assertion, and nothing in the record contradicts a finding that a copy of the police report was presented to the trial court for the motion to quash hearing.