TERRI F. LOVE, Judge.
1 pThis appeal arises from the arrest of the defendant for disturbing the peace, to which the defendant pled no contest, and his subsequent charge for second degree battery. The defendant filed a motion to quash based on double jeopardy grounds. The trial court granted the defendant’s motion to quash and the State appealed. We find that the trial court abused its discretion in not permitting the State to oppose the motion to quash and by not holding an evidentiary hearing. Therefore, we reverse and remand for proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Detective Anthony Edenfield of the New Orleans Police Department (“NOPD”) investigated an alleged second degree battery that took place on Saturday, November 12, 2011, at approximately 9:45 p.m. at the intersection of Bourbon and Toulouse Streets in New Orleans, Louisiana. Nichole Landry and her boyfriend, Errol Nunez, reported to the Eighth District police station on November 18, 2011, and informed Detective Edenfield that they were walking on Bourbon Street on November 12, 2011, when Ms. Landry saw her friend *737 “Scott” at 711 Bourbon Street. Ms. Landry and Mr. Nunez stopped to converse with Scott. As Ms. Landry and Mr. Nunez were walking away from Scott, the couple’s path was ¡^suddenly blocked by Michael Morrison.[1] Mr. Morrison’s friend, James Price, was with Mr. Morrison.
Mr. Morrison allegedly began making “unwanted romantic advances” towards Ms. Landry, and after pleading with Mr. Morrison to allow them to proceed, Ms. Landry and Mr. Nunez continued to walk down Bourbon Street. The couple was subsequently approached from behind by Mr. Morrison and Mr. Price at the intersection of Bourbon and Toulouse Streets, at which time Mr. Morrison “used closed fists to strike Ms. Landry numerous times in her face and on her head.” As Mr. Morrison struck Ms. Landry, she fell to the ground and lost consciousness. Ms. Landry sustained cuts underneath her left eye and to her forehead area.[2]
Ms. Landry stated that the NOPD were called and arrived on the scene.[3] After Ms. Landry regained consciousness, the responding NOPD officers did not take any statements from her, but Mr. Morrison was placed in handcuffs. Mr. Morrison was arrested on the night in question at the intersection of Bourbon and Toulouse Streets for a municipal charge of violating Section 54-403 of the New Orleans Code of Ordinances, relative to disturbing the peace, New Orleans Police Department number K-19456-11. The report indicates that “based on the evidence provided by Ms. Landry and her statements, Detective Edenfield was in the belief [sic] that the proper criminal charge for this incident was a Louisiana state criminal charge of [La. R.S.] 14:34.1 relative to second degree battery.”
1 ¿According to the municipal summons issued on the date of the incident, Mr. Morrison was charged with “disturbing the peace by fighting.” The summons also indicates that Mr. Morrison struck the victim with a closed fist and that the victim fell to the ground. The name of the victim is not listed in the summons. However, Mr. Nunez’s name, phone number, and address is listed in the summons underneath the heading “City Witnesses.”
On November 12, 2011,[4] Mr. Morrison, was arrested for the municipal offense of disturbing the peace by fighting, a violation of Section 54-403 of the New Orleans Municipal Code, after punching Ms. Landry several times in the head, causing her to lose consciousness. On November 14, 2011, Mr. Morrison pled no contest to the municipal offense and was released.[5] On November 18, 2011, Ms. Landry reported the incident to Detective Edenfield of the *738 NOPD.[6]
An arrest warrant was issued for Mr. Morrison, and he was subsequently-charged by bill of information on December 27, 2011, with one count of committing a second degree battery upon Ms. Landry, a violation of La. R.S. 14:B4.1(B).[7] Mr. Morrison appeared for his arraignment, and was later appointed counsel. A preliminary hearing was held, as well as a hearing on a motion to suppress the evidence.[8] The trial court denied the motion to suppress evidence and found probable cause to substantiate the charges.
Mr. Morrison then moved to quash the bill of information on double jeopardy grounds. The State moved for a continuance, and Mr. Morrison’s counsel | .joined the request. The trial court denied the request and granted the motion to quash.
The State’s appeal followed.

MOTION TO QUASH

The State contends that the trial court erred in granting Mr. Morrison’s motion to quash the bill of information on double jeopardy grounds.
La.C.Cr.P. art. 596 governs double jeopardy and provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In State v. Holloway, 12-0926, p. 3 (La.App. 4 Cir. 7/3/13), 120 So.3d 795, 797, this Court recently recognized the following principles with respect to double jeopardy:
Both the Fifth Amendment to the United States Constitution and Art. 1, Section 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and to protect an accused against multiple punishment for the same conduct. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); State v. Vaughn, 431 So.2d 763, 767 (La.1983); State v. Warner, 94-2649, p. 4 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, 59.
Similarly, the Louisiana Supreme Court has recognized that Louisiana’s “same evidence” test for double jeopardy requires a court to determine whether the evidence necessary to convict of one crime would also support the conviction of the other crime:
IfiThe Double Jeopardy Clauses of the federal and Louisiana constitutions not only prohibit successive trials for the same offense but also “protect[ ] against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). When the same act or transaction constitutes a viola *739 tion of two distinct statutory provisions, “the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)(selling narcotics not in original stamped package and selling narcotics not in pursuance to a written order of the purchaser constituted two different offenses although arising from a single delivery of narcotics); see Texas v. Cobb, 532 U.S. 162, [173], 121 S.Ct. 1335, 1343, 149 L.Ed.2d 321 (2001) (“We have since applied the Blockburger test to delineate the scope of the Fifth Amendment’s Double Jeopardy Clause, which prevents multiple or successive prosecutions for the ‘same offense.’ ”)(citing Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)(barring successive prosecutions of greater and lesser included offenses)). Louisiana’s somewhat broader “same evidence” test considers not only the material elements of each offense but also whether the evidence required to convict of one crime would also support conviction of the other, focusing “on the evidence necessary for conviction, not all the evidence introduced at trial.” State v. Steele, 387 So.2d 1175, 1177 (La.1980). The test precludes the state from “relabeling the offense to charge defendant a second time with the same criminal conduct.” Steele, 387 So.2d at 1178.
State v. Murray, 00-1258, p. 3 (La.9/18/01), 799 So.2d 453, 454-55. (Emphasis added). Thus,
when different acts violate the same statute, the test of whether the offender has committed one or several offenses simply “is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. * * * If the latter, there can be but one penalty.”
Murray, 00-1258, p. 4, 799 So.2d at 455 (quoting Blockburger, 284 U.S. at 302, 52 S.Ct. at 181 (quoting Wharton’s Criminal Law (11th Ed.) § 34, n. 3)).
|7The State asserts that because the trial court granted the motion to quash on the same date that it was filed, the State was denied the opportunity to research the matter and to respond, despite the fact that defense counsel agreed to the State’s request for a continuance.
The trial court’s transcript regarding the Motion to Quash the Bill of Information reads as follows:
[Counsel for Mr. Morrison]:
Your Honor, at this time, I’m filing a Motion to Quash based non [sic] the double jeopardy. In this case, Mr. Morrison was arrested for second degree battery under Item number T19456-11. He was' also — that warrant was issued November 18th, 2011. That was six days after the original incident on November the 12th.
On November 12th, that night, he was arrested for disturbing the peace by fighting. Municipal code defines disturbing the peace by fighting as to engage in a fistic encounter. It’s obvious that these are the same facts if you read through the narrative of the police report, it so much as says so, that it was the same facts that references [sic] the same item number, the same date, same occurrence.
Also, Your Honor, it’s at the same place of Toulouse and Bourbon Street. And the reporting officer did note that he was arrested for disturbing the peace, and also it states that the complainant would like the results of that charge. However, because now jeopar *740 dy has attached, it doesn’t matter whether or not they agree with the results of that charge, or how he was charged, and what he was charged to. He pled guilty, and we are requesting that the Bill of information be quashed. [Counsel for the State]:
Judge, I thought—
THE COURT:
Do you have a copy of the plea? [Counsel for Mr. Morrison]:
Yes, Judge.
THE COURT:
Where was it; Municipal Court? [Counsel for Mr. Morrison]:
It’s in the—
|STHE COURT:
What is the additional — I’m sorry. You’re saying that there is no additional element?
[Counsel for Mr. Morrison]:
No, Your Honor. These are the same facts. They’re one in the same facts. No facts have changed.
* ⅜ sji *
[sidebar conference]
THE COURT:
He pled no contest?
[Counsel for Mr. Morrison]:
Yes, Your Honor. It’s still a conviction.
[other court matters are handled]
[[Image here]]
THE COURT:
All right, State, let’s go back to Michael Morrison. What do you have? Mr. Ghai [counsel for the State]? [Counsel for the State]:
Judge, if I can have some time to go back to the office and do a little research as to the Motion to Quash. Obviously while I’m here in Court, Judge, I have no ability to pull the Municipal Record.
[Counsel for Mr. Morrison]:
Your Honor, based on [the] conversation at the bench, I’ll join in Mr. Ghai’s request.
[Counsel for the State]:
Thank you, Judge. Judge, I’m not asking for [a] long time, which is really what—
THE COURT:
No need. No need. Quash is granted.
The State contends that when the defense raises a claim of double jeopardy, a trial court should defer ruling until the factual context of the claim has been developed. Thus, the State submits that the trial court should have conducted an evi-dentiary hearing to determine whether the factual basis of each charge was the same before ruling on the motion to quash.
|3In the present case, the charge of disturbing the peace by fighting and the charge of second degree battery were not contained in the same bill of information. The charge of second degree battery requires proof of additional facts not necessary for a conviction for disturbing the peace by fighting — i.e., intentionally inflicting serious bodily injury without the consent of the victim. The municipal summons was issued with respect to a fistfight between Mr. Morrison and an unnamed victim.
The transcript is also void of evidence that the trial court determined whether the evidence necessary to convict of one crime would also support the conviction of the other crime. Therefore, we find that the trial court abused its discretion in granting Mr. Morrison’s Motion to Quash without a full evidentiary hearing on the matter and reverse.

*741
DECREE

For the above-mentioned reasons, we find that the trial court abused its discretion in granting Mr. Morrison’s Motion to Quash. Therefore, we reverse the ruling and remand for further proceedings.
REVERSED AND REMANDED.

. Ms. Landry represented that she had known Mr. Morrison for approximately six years. She denied having a romantic relationship with him.

. Ms. Landry displayed photographs of her injuries that she had taken on her cell phone on the night of the incident. Ms. Landry also provided documentation of medical attention for her injuries.

. Ms. Landry surmised that Mr. Price fled the scene before the NOPD officers arrived because Mr. Price was a police officer in St. Bernard Parish.

. The municipal summons indicates that the date of the incident was November 13, 2011. This conflicts with the arrest register, police report, and narrative, which indicate that the incident occurred on November 12, 2011. However, neither party has raised this as an issue, and the State refers to the date of the incident as November 12, 2011.

. The municipal summons is stamped “Release Today.”

.On November 21, 2011, a Non-Domestic Stay Away Order was issued to Mr. Morrison with respect to Ms. Landry effective through April 21, 2012.

. On March 19, 2012, the State filed a discovery motion, and trial was set for May 16, 2012.

. The transcript from this hearing is not included in the appellate record.