978 So.2d 895 (2008)
STATE of Louisiana
v.
Dejoshua WILLIAMS.
No. 2007-K-0931.
Supreme Court of Louisiana.
February 26, 2008.
James D. Caldwell, Attorney General, Paul D. Connick, Jr., District Attorney, Terry Michael Boudreaux, Megan Lynn Gorman, Martin Alphonse Belanger, Assistant District Attorneys, for Applicant.
Marino Criminal Law, Joseph A. Marino, III, Gretna, for Respondent.
PER CURIAM.
Defendant was charged by bill of information filed in the 24th Judicial District Court, Parish of Jefferson, with aggravated flight from an officer in violation of La. R.S. 14:108.1(C). He was also charged in the Second Parish Court, Jefferson Parish, with a variety of traffic offenses arising out of the same incident. In August 2006, defendant entered guilty pleas to the traffic offenses in the Second Parish Court. Thereafter, he filed a motion to quash the pending prosecution for aggravated flight from an officer in the 24th Judicial District Court on grounds that it would subject him to trial for the same conduct for which he had previously been convicted and punished in the Second Parish Court and thereby subject him to double jeopardy. On September 1, 2006, after the trial court denied the motion to quash, defendant entered a plea of guilty as charged, reserving his right to appeal from the court's adverse ruling on his motion to quash. State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to two years imprisonment at hard labor, suspended, and placed him on two years active probation. The court of appeal subsequently reversed defendant's conviction and sentence on the basis of his Crosby reservation, agreeing with him that his protection against double jeopardy precluded the second prosecution for aggravated flight from an officer following his guilty pleas to the traffic violations. State v. Williams, 06-1898 (La.App. 5th Cir.2/27/07)(unpub'd). We granted the state's application to consider that ruling and now reverse.
*896 At the hearing conducted on his motion to quash, defense counsel entered as an exhibit the report of Jefferson Parish Sheriffs Office documenting defendant's arrest. According to the report, on March 22, 2006, Jefferson Parish Officer Susan McCartney observed the vehicle occupied by defendant stopped at the corner of Harold and Brown Avenues in Harvey, Louisiana. Defendant appeared to engage in a hand-to-hand narcotics transaction with an unidentified individual. Defendant's two-year-old son was also in the front seat of the vehicle. He was not wearing any type of seat belt or restraint. Suspicious of drug activity, the officer approached on foot and asked defendant to step out of his vehicle. Defendant responded by putting the car into reverse and backing away. Officer McCartney drew her gun and again ordered defendant to stop. He continued to back up and nearly struck the patrol unit of Officers Hill and Matthews who had just arrived on the scene. Officer Hill turned on the vehicle's lights and siren to keep defendant from backing into her cruiser. However, defendant continued to back away from Officer McCartney and Officer Hill put her own vehicle into reverse to avoid a collision. Defendant then shifted out of reverse and sped from the scene. Officers Hill and Matthews pursued, and during the chase defendant reached speeds in excess of 65 miles per hour, ignored several stop signs, and forced other vehicles to leave the roadway. After finally stopping defendant's vehicle, the officers placed him under arrest and issued him citations for reckless operation, speeding, failure to wear a seat belt, failure to use a child restraint, and for five counts of running a stop sign, all violations of state law. Thereafter, on August 28, 2006, defendant entered guilty pleas to all of the violations and paid fines in excess of $600. His motion to quash the pending prosecution for aggravated flight from an officer on the basis of those guilty pleas followed.
In denying defendant's motion to quash, the trial court observed that "aggravated flight is a separate and distinct [offense] even though those other ones . . . are part of the proof of it." Disagreeing with that analysis, the court of appeal sought to account for the particular way in which La. R.S. 14:108.1 defines the offense. The statute in fact proscribes two crimes. The basic offense of flight from an officer, a six-month misdemeanor, is committed when the offender intentionally refuses to bring his vehicle to a stop "knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense." R.S. 14:108.1(A). The crime of aggravated flight from an officer, a two-year felony offense, occurs when the offender flees from an officer (as defined in subsection A) under circumstances "wherein human life is endangered." R.S. 14:108.1(C). The statute provides a specific and seemingly exclusive definition of the aggravating factors which elevate the crime from a misdemeanor to a felony. An offender creates circumstances in which human life is endangered when he commits at least two of the following acts: (1) leaves the roadway or forces another vehicle to leave the roadway; (2) collides with another vehicle; (3) exceeds the posted speed limit by at least 25 miles per hour; (4) travels against the flow of traffic. R.S. 14:108.1(D).
Although conceding that the police report supported a finding that defendant had forced several other vehicles off the road during the chase with Officers Hill and Matthews, the court of appeal found that the state could not satisfy the statute's requirement of "at least" two aggravating acts without violating defendant's protection from double jeopardy because *897 he had already been prosecuted and convicted for speeding. Williams, 06-1898 at 9 ("We liken the instant case to eases in which Louisiana courts have found it is a double jeopardy violation to charge a defendant with first-degree felony murder as well as the underlying felony used to support the murder charge.")(citing State ex rel. Williams v. State, 06-0427 (La.1/27/06), 922 So.2d 526; State ex rel. Adams v. Butler, 558 So.2d 552 (La. 1990)). In addition, the court of appeal found no suggestion in the police report that defendant "either collided with another vehicle during the police chase, or that he traveled against the flow of traffic." Williams, 06-1898 at 6. Thus, even conceding that defendant's prior guilty plea to reckless operation of a motor vehicle was not "subsumed in the elements of aggravated flight from an officer," Williams, 06-1898 at 7, the court of appeal concluded that the state had based its prosecution of defendant on conduct for which he had already been convicted and punished and that his protection from double jeopardy therefore barred the second prosecution for aggravated flight from an officer.
In reaching that conclusion, the court of appeal properly considered the factual submissions made at the hearing on the motion to quash. State v. Solomon, 379 So.2d 1078, 1079 (La.1980) (on a Crosby appeal from a conditional guilty plea following denial of a motion to quash, the Court did not have a trial transcript to review "in order to determine whether evidence in the theft trial would be the `same evidence' to prove the burglary charge," but did have "the testimony from the motion to quash which may be utilized for this purpose."); compare United States v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989)(a defendant who has entered an unconditional guilty plea may only attack the convictions on double jeopardy grounds if he shows a double jeopardy violation on the face of the pleadings or record); State ex rel. Boyd v. State, 98-0378 (La.10/9/98), 720 So.2d 667 (same); State ex rel. Adams v. Butler, 558 So.2d 552, 553 n. 1 (La.1990)(same).
In addition, the court of appeal properly considered the double jeopardy aspects of the present case not only under the additional fact (element) test of Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), see United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); State v. Knowles, 392 So.2d 651, 654 (La.1980), but also under Louisiana's somewhat broader same evidence test, which considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns itself with the "evidential focus" of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution's burden of proof. State v. Coody, 448 So.2d 100, 102-03 (La. 1984). The test is similar to the same conduct test adopted briefly by the Supreme Court in Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990)("[T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.") (footnote omitted).[1] Thus, while aggravated flight from *898 an officer and speeding in violation of La. R.S. 32:64(A), or reckless operation of a motor vehicle in violation of La. R.S. 14:99, might have different statutory elements for purposes of the Blockburger test, the state does not contest here the court of appeal's conclusion that as a matter of Louisiana law its prosecution for aggravated flight from an officer could not rely on the prior speeding offense in support of the element of risk to human life because it would require proof of conduct for which the defendant had already been prosecuted.
However, the court of appeal ultimately erred in two respects. First, even assuming that the state could not prosecute defendant for the offense of aggravated flight from an officer without violating his protection against double jeopardy, defendant's guilty plea to the offense necessarily encompassed all of the elements of the lesser included misdemeanor offense of flight from an officer, clearly a separate and distinct offense from any of the traffic violations arising out of the same incident. As opposed to quashing the prosecution altogether and setting aside defendant's guilty plea and sentence, the court of appeal should have, assuming the correctness of its premise, reduced defendant's conviction to the misdemeanor offense of flight from an officer under R.S. 14:108.1(A) and remanded the case to the trial court for resentencing. See Morris v. Mathews, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986)(even in the case of successive trials, a reviewing court may cure a double jeopardy violation by reducing a jeopardy-barred offense to a lesser and included non-jeopardy-barred offense necessarily found by the jury in its verdict for the greater offense unless the defendant can show that, but for trial on the jeopardy-barred offense, a reasonable probability exists that he would not have been convicted of the non-barred offense).
Second, and more fundamentally, the court of appeal erred in analogizing the present case to one in which the state prosecutes a defendant for both felony murder and the underlying felony offense. Speeding is not a lesser and included offense of aggravated flight from an officer; nor is it an element of that offense, as opposed to a statutorily prescribed circumstance from which a trier of fact may find the aggravating element of risk to human life enhancing the offense from a misdemeanor to a felony. Thus, the state was not required to prove that offense as one of the circumstances giving rise to a risk to human life for purposes of aggravated flight from an officer if it could establish that element of the offense by other evidence. The police report introduced at the hearing on the motion to quash established that defendant forced other vehicles off the roadway during the chase, a point conceded by the court of appeal, Williams, 06-1898 at 6, and that he may have traveled against the flow of traffic by backing away from Officer McCartney as she approached and nearly collided with the patrol unit occupied by Officers Hill and Matthews. The court of appeal did not concede the latter point, id., but the state correctly notes that by pleading guilty defendant avoided a trial at which it would have the burden of proving beyond a reasonable doubt the required combination of acts in support of the aggravated circumstances of danger to human life to the satisfaction of a trier of fact. In the present case, the information contained in the police report held open the possibility that *899 a rational trier of fact, considering all of the evidence presented at trial, could have found that defendant engaged in conduct giving rise to a risk to human life by first traveling against the flow of traffic however briefly when he backed away from Officer McCartney and nearly collided with the patrol unit occupied by Officers Hill and Matthews and then forced other vehicles from the road in the ensuing high-speed chase with the, officers. Thus, from a functional perspective offered by the information contained in the police report, defendant's guilty plea to aggravated flight from an officer did not necessarily subject him to a second prosecution for conduct as to which he had already been prosecuted.
Accordingly, the decision of the court of appeal is reversed, defendant's conviction and sentence are reinstated, and this case is remanded to the district court for execution of sentence.
NOTES
[1] However, the decision in Grady proved short-lived, as the Supreme Court overruled it in Dixon and revived the Blockburger additional element standard as the exclusive test under the Double Jeopardy Clause of the Fifth Amendment. Dixon, 509 U.S. at 704, 113 S.Ct. at 2856 (the same-elements test, "sometimes referred to as the `Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution.").