LOMBARD, J.,
concurs in results with reasons.
|! This case is problematic. First, I am unconvinced that State v. Williams, 2007-0931 (La.2/26/08), 978 So.2d 895, is necessarily dispositive. The procedural posture of Williams is contrary to the instant ease-this appeal is from a judgment granting the motion to quash whereas the trial court in Williams denied the motion to quash but this court reversed, finding an abuse of discretion, and the Louisiana Supreme Court reversed, finding that this court erred in finding the trial court abused its discretion because “from a functional perspective offered by the information contained in the police report, defendant’s guilty plea to aggravated flight from *651 an officer did not necessarily subject him to a second prosecution for conduct as to which he had already been prosecuted.” Williams, 2007-0931, p. 8, 978 So.2d at 899. Thus, the language of Williams is specific to information contained in the police report in that case and equivocal as to establishment of a general jurisprudential rule beyond that specific case.
Moreover, according to the transcript of the motion hearing on September 22, 2011, the trial judge stated at the end of the hearing:
liJ’ve taken a look at this motion to quash which was originally filed by the public defender’s office, and that motion is, while it may be in proper form, does not meet with good practice, and given the significant nature of the issues involve, I think the Court should allow Mr. Carter on behalf of his client the opportunity to submit a more comprehensive presentation and to -submit any transcripts of any hearings or to conduct hearing is necessary in connection with said motion. So to that extent, this is going to be recessed and reset....
Notably, there is no indication in the record before us whether the defense counsel responded to this invitation and, if so, what he presented to the trial court. Rather, on November 17, 2011, the trial judge summarily granted the motion to quash in open court without reasons based on the “briefs and motion.” Thus, it is not clear whether the trial court based its decision on additional information not in the record. See Uniform Rules-Court of Appeal 2-1.17 (parties may designate portions of the record to constitute record in Court of Appeal). However, because the record before us appears to support the majority, I respectfully concur in the results.