JOY COSSICH LOBRANO, Judge.
h The State of Louisiana appeals from a judgment of the trial court that quashed the bill of information against defendant, Kemon Magee, on the basis of double jeopardy pursuant to La.C.Cr.P. art. 532(6)[1] For the reasons stated herein, we affirm.
As to the underlying facts, the record indicates that the police officers observed Magee approach a parked vehicle, open *372 the front passenger side door, remove a firearm from his waistband, place it on the passenger seat, enter the vehicle, and sit in the front passenger seat atop the firearm. Based on their observations, the officers conducted an investigatory stop of the vehicle and its occupants. After the officers discovered the firearm was fully loaded with one bullet in the firing well, they arrested Magee and read him his Miranda rights. Subsequent investigation revealed that the firearm had been stolen from the City of Gretna in July 2011.
| gMagee was charged by bill of information filed in the Municipal Court for the City of New Orleans with one count of illegal carrying of a weapon, first offense, a violation of La. R.S. 14:95(A)(1). After entering a plea of guilty on July 12, 2012, he was sentenced to serve thirty days in jail. In relation to the same incident, Ma-gee was later charged by a bill of information filed in Orleans Parish Criminal District Court, with one count of illegal carrying of a weapon, second offense, a violation of La. R.S. 14:95(C)[2]; and one count of illegal possession of a stolen firearm, a violation of La. R.S. 14:69.1(B)(1).
La. R.S. 14:95 provides in pertinent part:
A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person; ...
* * *
C. On a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years.
Likewise, La. R.S. 14:69.1 provides in pertinent part:
A. Illegal possession of stolen firearms is the intentional possessing, procuring, receiving, or concealing of a firearm which has been the subject of any robbery or theft under circumstances which indicate that the offender knew or should have known that the firearm was the subject of a robbery or theft.
B. Whoever commits the crime of illegal possession of firearms shall be punished as follows:
(1) For a first offense, the penalty shall be imprisonment, with or without hard labor, for not less than one year nor more than five years.
IsMagee asserted in his motion to quash that pursuant to La.C.Cr.P. art. 532 and the Double Jeopardy Clauses of the United States Constitution and the Louisiana Constitution, the State is prohibited from placing him twice in jeopardy for the same offense. See U.S. Const, amend. VI; La. Const, art. I, § 15. Specifically, the defendant asserted that: (1) as to the charge of illegal carrying of a weapon, second offense, the conduct that supported the charge of illegal carrying of a weapon in municipal court was the same conduct that supported the charge of illegal carrying of a weapon, second offense, in criminal court; and, (2) as to the charge of illegal possession of a stolen firearm, the conduct that supported the charge of illegal carrying of a weapon in municipal court was the same conduct that supported the charge of illegal possession of a stolen firearm in criminal court.
In its sole assignment of error, the State argues that the trial court abused its discretion by granting Magee’s motion to quash the bill of information because each *373 of the charged offenses has an element that the other offense does not require.
“The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court.” State v. Batiste, 2005-1571, p. 2 (La.10/17/06), 939 So.2d 1245, 1252 (citation omitted).
Regarding the requirements for double jeopardy, La.C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
|4(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Additionally, “the Fifth Amendment to the U.S. Constitution and La. Const, art. 1, § 15 guaranty that no person shall be twice placed in jeopardy for the same offense. This guaranty protects against 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense.” State v. Jones, 2012-0565, p. 6 (La.App. 4 Cir. 4/24/13), 115 So.3d 643, 648, citing State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068, 1069.
Louisiana courts apply two tests to analyze double jeopardy claims: (1) the “distinct fact” or Blockburger test established by the United States Supreme Court in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and (2) the “same evidence” test. State v. Steele, 387 So.2d 1175 (La.1980).
Under the Blockburger test:
where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182 (citation omitted).
Under the broader “same evidence” test:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of another, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence adduced at trial.
Steele, 387 So.2d at 1177 (citation omitted).
The broader same evidence test “considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns its self [sic] | Bwith the eviden-tiary focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution’s burden of proof.” Jones, 2012-0565, p. 7, 115 So.3d at 648 (quoting State v. Williams, 2007-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897).

The Blockburger Test

As previously noted, Magee was charged by bill of information with illegal carrying of a weapon, second offense, and illegal possession of a stolen firearm. Under the Blockburger test the inquiry is whether each statute requires proof of an additional element which the other does not. In order for Magee to be convicted of illegal carrying of a weapon under La. R.S. 14:95(A)(1), the State would have to prove that he intentionally concealed a firearm, or other dangerous weapon, on his person. *374 On the other hand, in order for Magee to be convicted of illegal possession of a stolen firearm under La. R.S. 14:69.1, the State would have to prove that he intentionally possessed, procured, received, or concealed a firearm, that the firearm was the subject of any robbery or theft, and that he knew or should have known that the firearm was the subject of a robbery or theft.
A comparison of the charged offenses indicates that the elements are different. That is, each charge requires the State to prove additional facts not present in the other. For example, the crime of illegal carrying of a weapon required the State to establish that Magee intentionally concealed a weapon on his person. And the crime of illegal possession of a stolen firearm required the State to prove the firearm was stolen and that Magee knew or should have known it was stolen. Since the State will have to prove additional facts not present in the other |ficharge, Magee will not be subjected to double jeopardy under the Blockburger test with respect to La. R.S. 14:69.1 and La. R.S. 14:95(A)(1).
However, pertaining to La. R.S. 14:95(C), illegal carrying of a weapon, second offense, Magee will be subjected to double jeopardy under the Blockburger test. This charge includes a previous conviction in magistrate court of illegal carrying of a weapon as well as Magee’s municipal court guilty plea to the same offense. Consistent with the Blockburger test, besides the additional element of a second conviction, La. R.S. 14:95(A)(1) and La. R.S. 14:95(C) do not require any additional elements that the other charge does not. In order to convict Magee of illegal carrying of a weapon, second offense, the State would have to prove that on two separate occasions he intentionally concealed a firearm on his person. Since Magee already pled guilty in municipal court to illegal carrying of a weapon and was sentenced, the State cannot charge the defendant as a second offender of the same statute, La. R.S. 14:95(A)(1). Otherwise, Magee will be subjected to double jeopardy with respect to La. R.S. 14:95(C). Therefore, we find the trial court correctly quashed the bill of information as to that charge.

The “Same Evidence” Test

According to the “same evidence” test, the inquiry is whether the evidence required to support a conviction of one offense would have also supported the conviction of the other offense. See Steele, 387 So.2d at 1177. The NOPD Gist Sheet in this case indicates the two police officers observed Magee approach a parked vehicle, open the front passenger side door, remove a firearm from his waistband, place it on the passenger seat, enter the vehicle, and sit in the front passenger seat atop the firearm. Based on their observations, the officers |7conducted an investigatory stop of the vehicle and its occupants. After the officers discovered the firearm was fully loaded with one bullet in the firing well, they arrested Magee and read him his Miranda rights. Subsequent investigation revealed that the firearm had been stolen from the City of Gretna in July 2011. Given these facts, with respect to the pending charge of illegal possession of a stolen weapon pursuant to La. R.S. 14:69.1, the defendant will be subjected to double jeopardy if the matter proceeds to trial, even though double jeopardy does not exist under the Blockburger test, because the evidence needed to support a conviction for the offense, i.e. testimony from the police officers that they observed Magee intentionally possess and conceal a stolen firearm on his person while standing next to the vehicle and seated in the vehicle, would have been *375 sufficient to convict Magee of the illegal carrying of a weapon, the offense to which he previously pled guilty and was sentenced in municipal court. Thus, applying the broader “same evidence” test, we find the trial court correctly quashed the bill of information as to La. R.S. 14:69.1 on the basis of double jeopardy.
Accordingly, for the reasons set forth herein, the trial court judgment is affirmed.
AFFIRMED.

. La.C.Cr.P. art. 532(6) provides:
A motion to quash may be based on one or more of the following grounds:
[[Image here]]
(6) Trial for the offense charged would constitute double jeopardy.

. The second offense charge is based upon a previous conviction of the same offense in case number 445-559 "M-2”.