PER CURIAM.
| ¶ Granted in part. Defendant pleaded guilty to a first-offense grade of illegal carrying of a concealed weapon in the Municipal Court for Orleans Parish. The offense, a misdemeanor, was charged under La. R.S. 14:95(A), which requires proof of “intentional concealment of any firearm or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.” See La. R.S. 13:2493 (Municipal Court of New Orleans has concurrent jurisdiction with Criminal District Court for “the trial of violations of state statutes which are not triable by a jury”). The state thereafter charged defendant in the Criminal District Court with a second-offense violation of La. R.S. 14:95, a felony, and with illegal possession of a stolen firearm arising from the same incident and involving the same weapon. The latter offense requires proof of the “intentional possessing, procuring, receiving or concealing of a firearm which has been the subject of any robbery or theft under circumstances which indicate the offender knew or should have known that the firearm was the subject of a robbery or theft.” La. R.S. 14:69.1. Defendant moved to quash both charges on double jeopardy grounds on the basis of his earlier guilty plea in Municipal Court. The state conceded that defendant could not be prosecuted twice for different grades of the same offense arising from the same act under the same state ^statute, but contended that the offenses of illegal possession and illegal carrying have different elements and therefore the prosecution of the former was not barred by the guilty plea to the latter. The district court granted defendant’s motion to quash, however, and the state appealed.
The court of appeal affirmed. The court of appeal applied the test from Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and compared the remaining charge with the offense to which defendant previously pleaded guilty to find that the elements of these offenses are different as follows: “[T]he crime of illegal carrying of a weapon required the State to establish that [defendant] intentionally concealed a weapon on his person. And the crime of illegal possession of a stolen firearm required the State to prove the firearm was stolen and that [defendant] knew or should have known it was stolen.” State v. Magee, 13-1267, p. 7, (La.App. 4 Cir. 4/23/14), 140 So.3d 370, 374-75. Thus, each crime required proof of a fact that the other did not. Nonetheless, the court of appeal found under Louisiana’s “same evidence test” that “the evidence needed to support a conviction for the offense, i.e. testimony from the police officers that they observed [defendant] intentionally possess and conceal a stolen firearm on his person while standing next to the vehicle and seated in the vehicle, would have been sufficient to convict [defendant] of the illegal carrying of a weapon, the offense to which he previously pled guilty and was *195 sentenced in municipal court.” Magee, 13-1267 at 7, 140 So.3d at 374-75 (emphasis added).
The court of appeal erred in this latter determination and by merging acts of possession and concealment. Under the “same evidence test” used by Louisiana courts in tandem with the Blockburger additional fact test, a court considers the actual physical and testimonial evidence necessary to secure a conviction. State v. Williams, 07-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897. Under this test, if the |sevidence required to support a finding of guilty of one crime would also support a conviction for another, the defendant can be placed in jeopardy for only one of the two. State v. Coody, 448 So.2d 100,102-03 (La.1984); see also State v. Roberts, 152 La. 283, 286-87, 93 So. 95, 96-97 (1922). The test “depends on the evidence necessary for a conviction, not all the evidence introduced at trial.” State v. Steele, 387 So.2d 1175,1177 (La.1980).
In the present case, the evidence that the state would have been required to present to prove defendant illegally carried a concealed weapon, ie. that he concealed a firearm on his person, would not support a conviction for illegal possession of a stolen firearm. For that matter, evidence that the state is required to present to prove defendant illegally possessed a stolen firearm, that he possessed, received, procured, or concealed a firearm (stolen and known to him to have been stolen) would not support a conviction for carrying a weapon concealed on his person. Thus, the gravamen of the offense for which defendant will be prosecuted was not essentially included within the offense for which he has been prosecuted. State v. Nichols, 337 So.2d 1074, 1076 (La.1976) (“If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on
both offenses, unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of former jeopardy.”) (citations omitted). Although the state would present the same evidence in both trials because the two crimes constituted integral acts of a single transaction, and although the state would prove the identical conduct in both prosecutions in support of the facts that it is required to prove to sustain a conviction for either offense, Louisiana’s “same evidence” test has never been the equivalent of the “same conduct” test briefly adopted by the United States Supreme Court in Grady v. Corbin, |4495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990) (“[T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.”) (footnote omitted), and then discarded less than three years later. See United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling Corbin, reinstating Blockburger as the exclusive test under Double Jeopardy Clause, and further commenting “we think it time to acknowledge what is now, three years after Grady, compellingly clear: the case was a mistake.”).
Accordingly, the application is granted in part to reverse the court of appeal to the extent that it found that the prosecution for illegal possession of a stolen firearm is prohibited by the Double Jeopardy Clause and to vacate that portion of the district court’s ruling that quashed this charge. The matter is remanded to the district court for further proceedings.