EDWIN A. LOMBARD, Judge. '
I, The State appeals the trial court judgment granting the defendant’s motion to quash. After review of the record in light of the applicable law and arguments of the parties, we affirm in part and reverse in part. , .

Relevant Facts and Procedural History

In September 2009, Trevon Tanner was shot by Lajuan Thomas. Tanner survived and was prepared to testify against Lajuan Thomas. However, on August 11, 2010, Tanner was shot and killed in a drive-by shooting while he was with his friends Charleston Ward and Isaac Henderson. Henderson and. Ward survived and identified the defendant, Irvin Darensbourg, Sr., as the shooter.
On January 20, 2011, the defendant was charged by indictment with one count of conspiracy to commit murder, one count of first degree murder, and two counts of attempted murder. Lajuan Thomas and his brother, Kevin Thomas, were indicted on related charges, but subsequently pleaded guilty to reduced charges. On April 23, 2014, the State amended the indictment against the defendant, reducing the first degree murder charge to second degree murder and proceeded to trial on that charge. At trial, Ward and Henderson testified and identified the 12defendant as the shooter but the defense argued that the shooter was someone nicknamed “Trigger.” The jury found the defendant not guilty.
On May 9, 2014, the defendant filed a motion to quash, arguing that his acquittal on the charge of the second degree murder of Trevon Tanner, precluded the State from trying him on the related charges of attempted murder of Ward and Henderson on grounds of double jeopardy. After a hearing on October 29, 2014, the trial judge agreed, granting the defendant’s motion to quash.
The State appeals this judgment.

Applicable Law

 As guaranteed by the Fifth Amendment of the U.S.' Constitution and Article'I of the Louisiana Constitution, no person shall be placed twice in jeopardy for the same offense, “[Wlhere the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision* requires proof of a fact which the other does not.” Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, “[i]f the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy *723 for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.” State v. Steele, 387 So.2d 1175, 1177 (La.1980). The same evidence test “considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns itself with the ‘evidential focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution’s burden of proof.” State v. Williams, 2007-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897.
|RIn addition, the Fifth Amendment guarantee against Double Jeopardy embodies the common law collateral estop-pel rule. Ashe v. Swenson, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). As explained by the Ashe court, collateral estoppel is “an extremely important principle in our adversary system of justice” meaning simply “that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” Id., 397 U.S. at 443, 90 S.Ct. 1189. Thus, where a previous judgment was based upon a general verdict, the court must examine the record of a prior proceeding to determine “whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.” Id., 397 U.S at 444, 90 S.Ct. 1189 (citation omitted).

Discussion

In this case, it is clear that the jury took issue with the identification of the defendant as the shooter. Although Henderson and Ward both identified him as the man who shot at them and who killed Tanner, the jury may not have found their identification credible because Henderson testified that he first thought the shooter was someone else he knew, not the defendant. Similarly, Ward testified that he was looking the other way when the shots were fired, only glancing at the shooter, and that Detective Desmond Pratt pointed to the defendant’s photograph when showing him a photographic lineup. In addition, Edwardlisha Raiford testified that the defendant and another male, known as “Trigger,” took part in the conversation where Lajuan Thomas asked if the group was “gonna let Trevon come to court on him.” In addition, she described both Trigger and the defendant as light-skinned African American males, suggesting the possibility that Ward and LHenderson mistook the defendant for “Trigger.” Thus, because the jury concluded that the State failed to prove beyond a reasonable doubt that the defendant was the shooter, the doctrine of collateral estoppel prevents the State from prosecuting the defendant for shooting or attempting to shoot Henderson and Ward because those crimes were committed by the same shooter who murdered Trevon Tanner.
The record does not support the trial court’s finding that the State is collaterally estopped from prosecuting the defendant for the conspiracy charge. Being the actual shooter is not an element of a conspiracy to commit murder and, although there were some testimonial references to the defendant’s participation in the conversation with Lajuan Thomas about Trevon Tanner, this is insufficient to establish that the jury’s decision to acquit the defendant on the murder charge constituted a consideration and rejection of his participation in the conspiracy to murder Trevon Tanner.

Conclusion

We affirm the trial court judgment in part as. it relates to quashing the two counts of attempted murder charge. We *724 reverse the trial court judgment as it relates to quashing the conspiracy charge, and remand the matter for further proceedings.
AFFIRMED IN PART; REVERSED IN PART.