MCCLENDON, J.
The defendant, Aaron Williams, was charged by bill of information with false imprisonment; offender armed with dangerous weapon, a violation of LSA-R.S. 14:46.1 (count 1); domestic abuse aggravated assault (minor child thirteen years age or younger present at residence), a violation of LSA-R.S. 14:37.7 (count 2); and aggravated assault with a firearm, a violation of LSA-R.S. 14:37.4 (count 3). The defendant pled not guilty to the charges and, following a jury trial, was found not guilty on count 1 (false imprisonment) and guilty as charged on counts 2 and 3. For the domestic abuse aggravated assault conviction, the defendant was sentenced to two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence; for the aggravated assault with a firearm conviction, the defendant was sentenced to three years imprisonment at hard labor. The sentences were ordered to run consecutively. The trial court suspended the sentence for the aggravated assault with a firearm conviction, and placed the defendant on supervised probation for four years with conditions. The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the convictions and sentences.
FACTS
The defendant, his girlfriend Precious Kotte, and Precious' three-year-old son lived in an apartment in Tigerland on Alvin Dark Avenue in Baton Rouge, Louisiana. On August 2, 2012, at about 3:30 a.m., the defendant and Precious were arguing in their bedroom, while Precious's son was asleep in his bedroom. Precious had slept with another man a year prior, and the defendant sought information regarding that incident. Precious refused to tell the *606 defendant anything about it. The defendant walked to the dresser and removed from the top drawer Precious's Glock 17 semi-automatic pistol. The defendant sat on the bed and insisted that Precious tell him about her past relationship with another man. When Precious still refused to tell him anything, the defendant straddled Precious and essentially sat on her torso, with his knees on either side of her. The defendant put the barrel of the gun against Precious's left temple and told her he was going to kill her with her own gun, throw her body in the river, and no one would ever know. The defendant then fired the gun just above Precious's head. The bullet traveled through a picture frame and metal sign on the nightstand and became lodged in the base of a lamp.
Shocked and angry, Precious berated the defendant for firing the gun. The defendant sat on the edge of the bed, still holding the gun. He continued to ask about her past relationship, and Precious told him everything he wanted to know. They talked for hours and, every once in a while, the defendant put the gun down and went to the bathroom or to the kitchen. During most of their conversing, however, the defendant held on to the gun and repeatedly beseeched Precious to give him one good reason why he should not shoot her for cheating on him. They finally came to terms, and Precious, to appease defendant, agreed to get off of birth control and to marry him within two weeks. The defendant then put the gun in his backpack on the dining room table and went to sleep. It was now approximately 11:30 a.m. Precious took the gun from the backpack, grabbed her child, and left the apartment.
Precious went to the Baton Rouge City Constable's Office on St. Louis Street because, in the past, she had seen police around that area. Frantic and crying, Precious gave her gun to two constables, who took her inside and called the Baton Rouge Police Department. Detective Walter Griffin, with the Baton Rouge Police Department, arrived at the constable's office a short time later and interviewed Precious. Police then went to the apartment and arrested the defendant. The defendant was brought to the police station and gave a recorded statement. The defendant admitted he had the gun and that he shot it, but told the detectives that it accidentally discharged.[1]
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant argues there is patent error on the face of the record.
The applicable law at the time of the incident is the amended version of LSA-R.S. 14:37.4, which provides that aggravated assault with a firearm is an assault committed with a firearm. Prior to the amendment, which took effect in May of 2012, LSA-R.S. 14:37.4 provided that aggravated assault with a firearm is an assault committed by the discharge of a firearm. The bill of information charged that the defendant committed the crime of aggravated assault with a firearm by "discharging a firearm." Following closing arguments, the trial court instructed the jury that this crime was an assault committed by the "discharge of a firearm." The defendant contends that the use of this language constituted patent error because the discharge of a firearm is no longer an element of the offense.
Patent error is an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. art. 920(2). We find no patent error on the face *607 of the record. There is nothing erroneous about the language used in Count 3, wherein the State charged that on August 2, 2012, "the defendant assaulted Precious Kotte, by discharging a firearm[.]" While discharging a firearm is not an element of the offense of aggravated assault with a firearm that the State must prove, the defendant nevertheless assaulted Precious Kotte with a firearm when he armed himself with a gun, repeatedly pointed it at Precious, and threatened to kill her. See State v. Lafleur, 16-467 (La.App. 3 Cir. 1/4/17), 209 So.3d 927. That the defendant ultimately discharged the gun did not change the fact that he had committed the crime of aggravated assault with a firearm against Precious.
The defendant also notes in brief that in its jury instructions, the trial court provided the following charge to the jury: "An aggravated assault with a firearm is an assault committed by the discharge of a firearm." Jury charges are beyond the permissible scope of review under LSA-C.Cr.P. art. 920(2). See State v. Kelly, 15-0484 (La. 6/29/16), 195 So.3d 449, 453 ; State v. Oliveaux, 312 So.2d 337, 339 (La. 1975). Furthermore, defense counsel made no objection to this jury charge. The failure to make a contemporaneous objection to jury instructions waives review of those jury instructions on appeal. See LSA-C.Cr.P. arts. 801(C) and 841 ; State v. Draughn, 05-1825 (La. 1/17/07), 950 So.2d 583, 622, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). Despite the lack of a contemporaneous objection, jury instructions may be reviewed on appeal when the alleged error violates a fundamental due process right. See State v. McCasland, 16-1178 (La.App. 1 Cir. 4/18/17), 218 So.3d 1119, 1129. While the actual discharge of the firearm is not an element of the offense of aggravated assault with a firearm, the defendant, as noted, clearly committed this offense against Precious. The jury in this case was instructed as to an offense that included the statutorily required underlying elements of assault with a firearm, with the additional element of discharge. While the jury charge was erroneous, it would appear the added element inured to the benefit of the defendant. In any event, the error was not structural and, as such, was not of such significance as to have violated fundamental requirements of due process. See State v. Hongo, 96-2060 (La. 12/2/97), 706 So.2d 419, 421-22 ; State v. Woods, 00-2147 (La.App. 1 Cir. 5/11/01), 787 So.2d 1083, 1096-97, writ denied, 01-2389 (La. 6/14/02), 817 So.2d 1153 ; see also McCasland, 218 So.3d at 1129.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant argues that two of the offenses he was charged with subject him to double jeopardy. Specifically, the defendant contends that he received multiple punishments for the same criminal conduct by being tried for both aggravated assault with a firearm and domestic abuse aggravated assault.
Double jeopardy is most properly raised in a motion to quash in the district court. The defendant did not raise the issue or file a motion to quash. Double jeopardy, however, can be raised at any time, but only once. See LSA-C.Cr.P. arts. 532(6) and 594 ; State v. Gordon, 00-1013 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 149-50, writs denied, 02-0362 (La. 12/19/02), 833 So.2d 336 and 02-0209 (La. 2/14/03), 836 So.2d 134. The defendant's claim of double jeopardy, therefore, is properly before us.
Aggravated assault with a firearm is an assault committed with a firearm. LSA-R.S. 14:37.4(A). An assault is an attempt to commit a battery, or the intentional placing *608 of another in reasonable apprehension of receiving a battery. LSA-R.S. 14:36.
At the time of the incident, LSA-R.S. 14:37.7 provided, in pertinent part:
A. Domestic abuse aggravated assault is an assault with a dangerous weapon committed by one household member upon another household member.
B. For purposes of this Section, "household member" means any person of the opposite sex presently living in the same residence, or living in the same residence within five years of the occurrence of the domestic abuse aggravated assault, with the defendant as a spouse, whether married or not, or any child presently living in the same residence or living in the same residence within five years immediately prior to the occurrence of the domestic abuse aggravated assault, or any child of the offender regardless of where the child resides.
* * * * *
D .... When the state proves, in addition to the elements of the crime as set forth in Subsection A of this Section, that a minor child thirteen years of age or younger was present at the residence or any other scene at the time of the commission of the offense, the mandatory minimum sentence imposed by the court shall be two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
The double jeopardy clauses of the federal and Louisiana constitutions not only prohibit successive trials for the same offense but also protect against multiple punishments for the same offense. When the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under this test, the provisions of each statute are analyzed to determine whether each requires proof of a fact which the other does not. State v. Magee, 11-0574 (La. 9/28/12), 103 So.3d 285, 335, cert. denied, --- U.S. ----, 134 S.Ct. 56, 187 L.Ed.2d 49 (2013).
While the defendant concedes in brief there is no violation under Blockburger, he argues that under the "same evidence test" adopted by Louisiana courts, the State violated his constitutional guarantee against double jeopardy. We recognize, however, that the Louisiana Supreme Court has recently dispensed with the "same evidence test," and indicated that Louisiana courts "are bound only to apply the standard established by the U.S. Supreme Court in Blockburger. " State v. Frank, 16-1160 (La. 10/18/17), 234 So.3d 27, 28, 2017 WL 4681941 at p 1. Even so, under either test, we conclude that the defendant was not subject to double jeopardy.
Under the "same evidence test" previously used by Louisiana courts, which is somewhat broader than the Blockburger additional fact test, a court considers the actual physical and testimonial evidence necessary to secure a conviction. State v. Williams, 07-0931 (La. 2/26/08), 978 So.2d 895, 897 (per curiam ). Under the "same evidence test," if the evidence required to support a finding of guilty of one crime would also support a conviction for another, the defendant can be placed in jeopardy for only one of the two. State v. Magee, 12-1084 (La. 8/25/14), 146 So.3d 193, 195 (per curiam ). The "same evidence test" depends upon the proof required to convict, not the evidence actually introduced at trial. State v. Knowles, 392 So.2d 651, 654 (La. 1980).
*609 With domestic abuse aggravated assault, the assault must have been committed by a household member, whereas with aggravated assault with a firearm, there is no such status requirement of the person committing the assault. Accordingly, under Blockburger, there is no double jeopardy violation. However, the defendant argues that under the "same evidence test," the State violated his constitutional guarantee against double jeopardy. According to the defendant, all of the evidence required to support the conviction for domestic aggravated assault would support a conviction for aggravated assault with a firearm. The defendant contends the same evidence was used to convict him of both crimes; that is, for the domestic abuse aggravated assault charge, the State presented evidence that he "used a firearm to assault Ms. Kotte," and for the aggravated assault with a firearm charge, the State presented evidence that he "assaulted Ms. Kotte with a firearm." According to the defendant, such action constitutes double jeopardy.
The "same evidence test" considers the evidence necessary to secure a conviction, not the evidence actually introduced at trial. In other words, the determination is whether the evidence required to support the defendant's conviction for one crime would support his conviction for the other crime. See Magee, 146 So.3d at 195. Thus, for instance, the crime of aggravated assault with a firearm is completed when a defendant points a gun at a stranger. But the crime of domestic abuse aggravated assault has not yet been committed under the above scenario because the person being assaulted under LSA-R.S. 14:37.7 must be a household member. The gravamen of domestic abuse aggravated assault, unlike that of aggravated assault with a firearm, is an assault on a household member. See Magee, 146 So.3d at 195. Further, the crime of aggravated assault with a firearm requires that there be an assault with a gun. Domestic abuse aggravated assault, however, requires only that the assault be with a "dangerous weapon." See LSA-R.S. 14:2(3). As such, a knife used to assault a household member would constitute domestic abuse aggravated assault, but would not constitute aggravated assault with a firearm.
While it is true, as the defendant points out in brief, that the same conduct by the defendant-the use of a firearm to assault Precious Kotte-was proved by the State to establish two separate and distinct offenses, Louisiana's "same evidence" test has never been the equivalent of the "same conduct" test briefly adopted by the United States Supreme Court in Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990) ("[T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.") (footnote omitted), and then discarded less than three years later. See United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling Corbin, reinstating Blockburger ); see also Magee, 146 So.3d at 195.
Accordingly, prosecution under the same bill of information or indictment for aggravated assault with a firearm and domestic abuse aggravated assault is not prohibited by the Double Jeopardy Clause, because the two offenses are not the same offenses for double jeopardy purposes under either the Blockburger test or the "same evidence test."
This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the defendant's convictions and sentences.
*610 CONVICTIONS AND SENTENCES AFFIRMED.

The defendant did not testify at trial.