# Supreme Court of Louisiana

The Opinions handed down on the **8th day of May, 2019**, are as follows:

**PER CURIAM**:

2018-K-0780        STATE OF LOUISIANA v. RANDY LEE TURNER (Parish of Terrebonne)

We granted the State's application to resolve this disagreement as to whether the crime of aggravated flight from an officer requires proof that a defendant committed two different acts from among those enumerated in La.R.S. 14:108.1(D), or whether proof of the repeated commission of one of those enumerated acts suffices. We find no real uncertainty in the meaning of "at least two of the following acts" in La.R.S. 14:108.1(D). Instead, we find that this language in its context plainly encompasses the commission of one of the acts enumerated in that provision more than once. Therefore, the district court did not err in instructing the jury. Accordingly, we reverse the court of appeal and reinstate defendant's conviction and sentence. REVERSED

Retired Judge Marion Edwards appointed Justice ad hoc, sitting for Justice Weimer, recused.

JOHNSON, C.J., dissents and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2018-K-0780**

**STATE OF LOUISIANA**

**VERSUS**

**RANDY LEE TURNER**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE**

**PER CURIAM**[*]

Defendant was found guilty as charged of aggravated flight from an officer, La. R.S. 14:108.1. He was adjudicated a habitual offender based on the commission of seven predicate felonies and sentenced to 40 years imprisonment at hard labor. The court of appeal reversed the conviction and sentence. *State v. Turner*, 17-1648 (La. App. 1 Cir. 4/11/18) (unpub'd). A majority of the panel found the district court erred in instructing the jury, and in allowing the State to argue, that the jury could find human life was endangered if the defendant committed one of the acts enumerated in La. R.S. 14:108.1(D) more than once. *See Turner*, 17-1648, p. 12 ("[U]nder the principle of lenity, we must interpret Louisiana Revised Statutes 14:108.1(D) in the manner favorable to the defendant. Accordingly, we find that the district court erred in granting the State's motion and in instructing the jury that it was sufficient to have a repeated enumerated act."). Judge Theriot, dissenting, disagreed with the majority's interpretation of the statute:

---

[*] Retired Judge Marion Edwards appointed as Justice ad hoc, sitting for Weimer, J., recused

> Allowing a defendant to commit any of the enumerated acts more than once without being deemed to have endangered human life would not serve the purpose of La. R.S. 108.1. The statute lists six acts; the violation of two of these acts would constitute circumstances wherein human life is endangered. La. R.S. 108.1(D)(1) considers an offender leaving the roadway or forcing another vehicle to leave the roadway. The legislature used the singular form of "vehicle" rather than its plural. Thus, it appears that forcing one vehicle from the roadway constitutes one "act" under the statute, and forcing a second vehicle off the roadway would constitute an additional "act." Similarly, failing to obey a single stop sign or yield sign constitutes one "act," but an offender who fails to obey multiple stop signs has committed multiple "acts" under the statute.

*Turner*, 17-1648, p. 2 (Theriot, J., dissenting). We granted the State's application to resolve this disagreement as to whether the crime of aggravated flight from an officer requires proof that a defendant committed two different acts from among those enumerated in La.R.S. 14:108.1(D), or whether proof of the repeated commission of one of those enumerated acts suffices.

The question presented is one of statutory interpretation, which begins "as [it] must, with the language of the statute." *Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). "Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning." *State v. Oliphant*, 12-1176, p. 5 (La. 3/19/13), 113 So.3d 165, 168; *see also Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("In any event, canons of construction are no more than rules of thumb to help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" (citations omitted)).

Aggravated flight from an officer is defined as follows:

> Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.

La. R.S. 14:108.1(C). In addition, the statute defines circumstances wherein human life is endangered as follows:

> Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits at least two of the following acts:
>
> (1) Leaves the roadway or forces another vehicle to leave the roadway.
>
> (2) Collides with another vehicle or watercraft.
>
> (3) Exceeds the posted speed limit by at least twenty-five miles per hour.
>
> (4) Travels against the flow of traffic or in the case of watercraft, operates the watercraft in a careless manner in violation of R.S. 34:851.4 or in a reckless manner in violation of R.S. 14:99.
>
> (5) Fails to obey a stop sign or a yield sign.
>
> (6) Fails to obey a traffic control signal device.

La. R.S. 14:108.1(D). This court has described Section D as providing "a specific and seemingly exclusive definition of the aggravating factors which elevate the crime from a misdemeanor to a felony. *State v. Williams*, 07-0931 (La. 2/26/08) (per curiam), 978 So.2d 895.

The principle of lenity "directs that a court construe a criminal statute in favor of the most narrow application when there are serious doubts concerning a meaning of a term." *State v. Ritchie*, 590 So.2d 1139, 1149 n.6 (La. 1991); *State v. Boowell*, 406 So.2d 213, 216 (La. 1981). Defendant here invokes lenity to argue that any doubt as to whether the statute requires commission of two different types

3

of acts, or the repeated commission of a single act, should be resolved in his favor. However, the mere possibility of articulating a narrower construction does not by itself make the rule of lenity applicable. Instead, that venerable rule is reserved for cases where, "[a]fter 'seiz[ing] every thing from which aid can be derived,'" the court is "left with an ambiguous statute." *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (quoting *United States v. Fisher*, 2 Cranch 358, 386, 2 L.Ed. 304 (1805)).

"The general rule that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity applies when the court is uncertain about the statute's meaning and is 'not to be used in complete disregard of the purpose of the legislature.'" *State v. Brown*, 03-2788, pp. 5–6 (La.7/6/04), 879 So.2d 1270, 1280 (quoting *Perrin v. United States*, 444 U.S. 37, 49 n.13, 100 S.Ct. 311, 317, 62 L.Ed.2d 199 (1979)). A court should not "blindly incant the rule of lenity to 'destroy the spirit and force of the law which the legislature intended to and did enact.'" *Huddleston v. United States*, 415 U.S. 814, 832, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974) (quoting *American Tobacco Co. v. Werckmeister*, 207 U.S. 284, 293, 28 S.Ct. 72, 52 L.Ed. 208 (1907)). In the present case, although defendant has articulated a narrower construction, we find that the statute is unambiguous, and therefore the rule of lenity does not apply.

Defendant argues that "at least two of the following," as it is commonly used, denotes two different acts. In the context of the statute here, however, in which the legislature provides aggravating acts that, when committed more than once, can elevate the grade of the offense, there is no reason to interpret "at least two of the following" as including the performance of different acts while excluding the repeated performance of the same act. A dangerous act repeated may be no less dangerous than a variety of dangerous acts. Therefore, we will not

4

blindly incant the rule of lenity to unreasonably constrain the force of the law that the legislature enacted.

We find no real uncertainty in the meaning of "at least two of the following acts" in La.R.S. 14:108.1(D). Instead, we find that this language in its context plainly encompasses the commission of one of the acts enumerated in that provision more than once. Therefore, the district court did not err in instructing the jury. Accordingly, we reverse the court of appeal and reinstate defendant's conviction and sentence.

**REVERSED**

05/08/19

SUPREME COURT OF LOUISIANA

No. 2018-K-0780

STATE OF LOUISIANA

VERSUS

RANDY LEE TURNER

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE

**JOHNSON, Chief Justice, dissents and assigns reasons.**

Defendant was convicted of aggravated flight from an officer, which is defined as "the intentional refusal of a driver to bring a vehicle to a stop ... under **circumstances wherein human life is endangered**, knowing that he has been given a visual and audible signal to stop by a police officer[.]" La. R.S. 14:108.1(C) (emphasis added). Subsection D of the statute defines **circumstances wherein human life is endangered** by outlining an exclusive list of acts committed by the driver, two of which are required to find human life is endangered:

> Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits at least two of the following acts:
>
> (1) Leaves the roadway or forces another vehicle to leave the roadway.
>
> (2) Collides with another vehicle or watercraft.
>
> (3) Exceeds the posted speed limit by at least twenty-five miles per hour.
>
> (4) Travels against the flow of traffic[.]
>
> (5) Fails to obey a stop sign or a yield sign.
>
> (6) Fails to obey a traffic control signal device.

La. R.S. 14:108.1(D). In this case, it is undisputed that defendant did not commit *separate* enumerated acts. Instead, defendant was convicted because the state

argued, and the district court instructed the jury, that it was sufficient if defendant committed one of the enumerated acts twice. I agree with the court of appeal that the district court erred in this regard and therefore defendant's conviction was properly reversed.

Louisiana criminal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3; *State v. Muschkat*, 96-2922 (La. 3/4/98), 706 So. 2d 429, 432. In my view, a natural reading of the statute suggests that the language "at least two of the following acts" means two of the separate, enumerated acts within subsection D must to be committed. Although this court has not previously addressed this issue directly, our opinion in *State v. Williams*, 07-0931 (La. 2/26/08), 978 So. 2d 895, supports the position that two separate enumerated acts are required. In *Williams*, the defendant was charged in the 24th Judicial District Court with aggravated flight from an officer, and charged in the Second Parish Court, Jefferson Parish, with a variety of traffic offenses arising from the same incident. Defendant filed a Motion to Quash the pending prosecution for aggravated flight asserting a double jeopardy argument on the grounds that he would be subjected to trial for the same conduct for which he had been previously convicted in the Second Parish Court. The district court denied the motion, and defendant entered a plea of guilty while reserving his right to appeal the adverse ruling. On review, the court of appeal conceded that the police report supported a finding that the defendant had forced several vehicles off the road, but found that the state could not satisfy the statute's requirement of "at least" two aggravating acts without violating double jeopardy protections, as defendant had already been convicted for the underlying conduct of speeding. *State v. Williams*, 06-1898 (La. App. 5 Cir. 2/27/07)(unpub'd). This court reinstated defendant's conviction and

2

sentence, observing that the police report contained information indicating that the defendant had backed away from officers and nearly collided with a patrol unit, thereby traveling against the flow of traffic in violation of La. R.S. 14:108.1(D)(4), and forced other vehicles off the road in violation of La. R.S. 14:108.1(D)(1). *State v. Williams*, 07-0931 (La. 2/26/08), 978 So. 2d 895. By finding that the police report contained information supporting the violation of two separate acts (namely traveling against the flow of traffic and forcing other vehicles off the roadway) as opposed to addressing it in the context of forcing multiple vehicles off the roadway (i.e. "at least two"), this court's opinion in *Williams* supports a finding that two separate enumerated acts are required.

Moreover, contrary to the majority, I find the principle of lenity should apply here. The principle of lenity "directs that a court construe a criminal statute in favor of the most narrow application when there are serious doubts concerning a meaning of a term." *State v. Ritchie*, 590 So. 2d 1139, 1149 n.6 (La. 1991); *State v. Boowell*, 406 So. 2d 213, 216 (La. 1981). Indeed, criminal statutes are strictly and narrowly construed with any ambiguity resolved in favor of the accused. *State v. Carr*, 99-2209 (La. 5/26/00), 761 So. 2d 1271, 1274 (citing *State v. Becnel*, 93-2536 (La. 5/31/96), 674 So. 2d 959, 960); *State v. Piazza*, 596 So. 2d 817, 820 (La. 1992). Thus, even if the meaning of the language in La. R.S. 14:108.1(D) is deemed unclear or ambiguous, this court should apply a narrow application in favor of the defendant.

For these reasons, I must respectfully dissent.